UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LOREN L. CLOYED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:12CV46 HEA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*.  For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

**Facts and Background**

Plaintiff was 49 years old at the time of the hearing.  He has an associates degree of arts.  The ALJ found Plaintiff had the impairments of: obesity, status-post bilateral inguinal hernias, status-post coronary artery disease with stenting of

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

two coronary arteries, mild to moderate chronic obstructive pulmonary disease, and hypertension, hyperlipidemia, hypothyroidism, and gastroesophageal reflux disease controlled by medication.  At the July 27, 2010 hearing, Plaintiff testified that his unemployment ran out in June, 2010.  Plaintiff is married and lives with his wife and her daughter.  Plaintiff has a driver's license and drove himself to the hearing.  Plaintiff testified that he can do some dishes and can stand for 15-20 minutes at a time before having to sit down.  Plaintiff has lower back pain while sitting.  Plaintiff had a heart attack in 2007 and was doing factory work at the time.  Plaintiff weighs about 290 pounds.  He does the laundry.  Plaintiff takes the following medications: Lipitor, Plavix, Levothyroxin, Lisinpril, Metoprolol, generic Paxil, Paroxetine, and Prilosec.  Plaintiff testified that he has daily episodes of dizziness, which last about 10-15 seconds.

    A vocational expert also testified.  The VE concluded that Plaintiff could still do his past relevant job as a sales agent/loan clerk in the manner in which Plaintiff performed that job.  However, the VE also testified that Plaintiff would be unemployable if he would need more that one extra 15 minute break during the work day or if he were confined to a "low stress" job that required more than a sedentary level of exertion.

    Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. §

1381, *et seq* was denied on January 15, 2009. On October 26, 2010, the ALJ issued an unfavorable decision. On April 24, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011)

(discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by

comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled.  *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since August 27, 2008, the alleged onset date of disability.  At Step Two, the ALJ found

that Plaintiff had the following severe impairments:  obesity, status-post bilateral inguinal hernias, status-post coronary artery disease with stenting of two coronary arteries, mild to moderate chronic obstructive pulmonary disease, and hypertension, hyperlipidemia, hypothyroidism, and gastroesophageal reflux disease controlled by medication.  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform the physical exertional and nonexertional requirements of work, except for possibly doing prolonged or frequent standing or walking; lifting or carrying objects weighing more than 10 pounds; doing more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; or having concentrated or excessive exposure to dust, fumes, chemicals, temperature extremes, high humidity or dampness, and other typical allergens, pollutants, and atmospheric irritants.

At Step Four, the ALJ determined that Plaintiff was capable of performing his past relevant work as a payday loan manager, and therefore, Plaintiff was not disabled, and the ALJ was not required to proceed to Step Five.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls

outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached.  *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ erred by failing to give proper weight to the opinion of Plaintiff's treating physicians; (2) the ALJ erred in failing to provide specific rationale for rejecting Plaintiff's testimony, as required by SSR 96-7p.

**Weight of Opinion of Treating Physicians**

The ALJ is entitled to discount treating physician opinions if it is not supported by credible medical findings of diagnostic tests and other screening. Likewise, if the opinion is largely based on a plaintiff's subjective complaints, rather than objective medical evidence, the opinion is entitled to less weight. *McDade v. Astrue,* 720 F.3d 994, 999 (8th Cir. 2013).  The ALJ in this matter determined that the opinions of Dr. Knorr and Dr. Snyder fell within these categories, based upon the medical evidence he considered.  The Court finds no error, based upon the ALJ's articulated and supported decision.

**Rationale for Rejecting Plaintiff's Testimony**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545.  An

ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.  An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that Plaintiff could perform his relevant past work.  Several of Plaintiff's chronic conditions predated his alleged disability and he was able to work productively in spite of these conditions.  Significantly, Plaintiff was not referred to physical therapy or pain management.  Plaintiff has no significant side effects from his medications, which provide Plaintiff relief from the conditions of which he claims to be disabled.  Considering the medically supported limitations Plaintiff has, the ALJ determined that Plaintiff could perform his previous sedentary work, with

certain limitations, as listed above.

The medical evidence in the record supports the ALJ's conclusions. Plaintiff's symptoms and conditions are controlled by medication. Plaintiff testified that he can drive, do laundry and the dishes.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).  As the Commissioner correctly argues, the ALJ articulated the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 2nd day of January, 2014.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**